**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4390

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KELBY DEVONTA BENJAMIN,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
District Judge.  (1:00-cr-00200-JAB)

Submitted:  March 16, 2007          Decided:  April 11, 2007

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra
J. Hairston, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

We previously affirmed the conviction of Kelby Devonta Benjamin but vacated his 360-month sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). At resentencing, Benjamin again received a 360-month sentence. He appeals, arguing that his sentence violates ex post facto principles, as they are incorporated into the concept of due process. See Rogers v. Tennessee, 532 U.S. 451, 459 (2000); Bouie v. Columbia, 378 U.S. 347, 352 (1964). We affirm.

Benjamin engaged in a cocaine conspiracy between 1996 and 2000. He was resentenced after Booker. Because he had fair warning at the time of the offense of both the criminality of his actions and the maximum penalty (life imprisonment; see 21 U.S.C. § 841(b)(1) (2000)) to which his criminal actions exposed him, there was no ex post facto violation. See United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006).

To the extent that Benjamin contends that Booker altered the standard of proof required with respect to sentencing factors used to establish an advisory sentencing guideline range at or below the statutory maximum, his contention is incorrect. After Booker, as before, such sentencing factors are determined by judges based on a preponderance of the evidence. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("Booker does not . . . move any decision from judge to jury, or change the burden of

persuasion.  The remedial portion of <u>Booker</u> held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence.") (internal quotation marks omitted), <u>cert. denied</u>, 127 S. Ct. 121 (2006).  Thus, elements of the offense must be admitted by the defendant or determined by a jury beyond a reasonable doubt; however, sentencing factors are decided by the judge based on the lower standard of proof.

We accordingly affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>